*United States v. Bulluck*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of March, two thousand sixteen.

PRESENT:
> PIERRE N. LEVAL
> GUIDO CALABRESI
> GERARD E. LYNCH,
> > *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,
> *Appellee*,

> v.                                                                                     No. 13-255-cr

JONATHAN BULLUCK, also known as
Johnathan Bullock,
> *Defendant-Appellant*


———————————————————————

| | |
|---|---|
| FOR APPELLANT: | Jeffrey Pittell, Maher & Pittell, LLP, Great Neck, NY. |
| FOR APPELLEE: | Daniel S. Noble, Assistant United States Attorney, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Jonathan Bulluck appeals from his conviction for possessing crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). Bulluck argues that he received ineffective assistance of counsel in connection with his suppression motion. In a prior summary order, familiarity with which is presumed, we concluded that counsel's performance fell below an objective standard of reasonableness, but remanded the case to the district court pursuant to *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), for the district court to determine whether Bulluck was prejudiced by counsel's failure to argue that Bulluck had a reasonable expectation of privacy in the plastic bags that were searched by the police after officers stopped the cab in which he was a passenger. On remand, the district court concluded that Bulluck was not prejudiced, because Bulluck's motion to suppress the drug evidence seized in the search would still have been denied. *United States v. Bulluck*, No. 09 Cr. 652 (PGG), 2015 WL 4998573, at *12 (S.D.N.Y. Aug. 20, 2015).

The district court found that even if the issue had been properly briefed, the evidence found in the plastic bags would not have been suppressed, because the search of the plastic bags was justified as part of a valid automobile frisk. Under *Michigan v. Long*,

2

"the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons."   463 U.S. 1032, 1049 (1983), quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968).   Although there are differences between the testimony of the two officers, the district court reasonably concluded that the officers properly stopped the cab due to a traffic infraction, and that the officer who conducted the search of the back seat of the livery cab had a reasonable fear for his safety based on "specific, articulable facts" that would warrant such fear.   *Bulluck*, 2015 WL 4998573, at \*9.   The district court noted, among other things, that Bulluck initially refused to get out of the car when asked to do so by the officer, that he appeared angry, and that he had appeared to be trying to hide something under the front seat.   *Id*. While each of these facts standing alone is not compelling, taken together they warrant the district court's conclusion that the officer, who had no intention or basis to arrest Bulluck, *id*. at \*10, had a reasonable concern about whether Bulluck would have access to a weapon when he returned to the car. Therefore, the officer's frisk of the rear of the cab and its contents, which could reasonably contain a weapon, was permissible.

Bulluck argues now that the drugs were in the second bag within the outer bag, and that the officer lacked a basis to look inside this bag once he saw the phones in the outer

3

bag.   That argument, however, was not raised below, *see id.* at \*3 n.2, and therefore is forfeited.

We have considered all of the defendant-appellant's remaining arguments and find them to be without merit.   Accordingly, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O' Hagan Wolfe, Clerk of Court